FILED

2019 Dec-27  PM 04:48
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JENNIFER RILEY as Personal Representative for A.R.** | ) ) ) | |
| **Plaintiff,** | ) ) | **COMPLAINT AND JURY DEMAND** |
| **v.** | ) ) | CASE NO. _____ |
| **JEFFERSON COUNTY BOARD OF EDUCATION** | ) ) ) | |
| **Defendant.** | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW** Plaintiff, Jennifer Riley, as personal representative for A.R., by and through undersigned counsel, file this Complaint and Jury Demand against Defendant Jefferson County Board of Education (hereinafter "the Defendant") for compensatory and punitive damages for the subsequent acts and omissions of the Defendant. In support of their Complaint and Jury Demand, Plaintiff alleges the following:

### PRELIMINARY STATEMENT

1. This is a civil action brought to vindicate the Plaintiff's rights under statutory laws of the United States of Alabama.

2. This is an action for damages sustained by and arising from the vicious assault of A.R. at Hueytown High School (hereinafter "HHS") on March 1, 2018.

1

## PARTIES

3. **Plaintiff Jennifer Riley** brings this suit individually and on her own behalf as personal representative for **A.R.** a minor. Mrs. Riley. is a citizen of the United States, a citizen of the State of Alabama, and a resident of Alabama. At the time of the incidents that make the basis for this claim, Mrs. Riley was living in Hueytown, Alabama.

4. **Defendant, Jefferson County Board of Education,** is an entity whose principal place of business is in Birmingham, Alabama.

## JURISDICTION AND VENUE

5. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331, and 1343(a)(3), (4) to obtain redress for deprivation of rights guaranteed by the Fourteenth Amendment to the Constitution of the United States pursuant to 42 U.S.C. § 1983. The jurisdiction of the is also invoked pursuant to the 42 U.S.C. § 12182.

6. Venue is proper pursuant to 28 U.S.C. § 1367(b), in that the events or occurrences giving rise to the Plaintiff's claims occur exclusively in Barbour County, which fall into the Northern District of the Federal Courts of Alabama.

## **FACTUAL ALLEGATIONS**

7. Plaintiff hereby adopts and alleges paragraphs 1-6 in this complaint as if fully set out herein.

8. A.R. is diagnosed with ADHD and Autism Spectrum Disorder.

9. A.R. formerly attended HHS along with her two sisters, A.D and E.R.

10. On or about March 1, 2018, at HHS, A.R. was interrupted during her lunch period when two of her classmates began harassing A.R.

11. Two students began insulting and making threatening remarks towards A.R.

12. This vicious bullying escalated when the two students began throwing food directly at A.R.

13. One of the girls attempted to get A.R. to fight her, but A.R. showed no interest in engaging in any sort of brawl.

14. Mr. Stewart, a faculty member of Hueytown High School, observed this entire incident from a distance.

15. Although Mr. Stewart noticed two students taunting A.R., he did nothing to intervene on A.R.'s behalf as she was further harassed.

16. Eventually, Mr. Stewart jokingly offered a dollar to one of the girls bullying A.R. if she would "stop" harassing A.R. The girl, in response, said the dollar was not enough and asked for another. Mr. Stewart, instead, took her water bottle from her.

17. The two girls communicated to Mr. Stewart that they were going to assault A.R. once they left the lunchroom and were in the hallway.

18. A.R. and A.D. proceeded to leave the lunchroom. As A.R. and A.D. left the lunchroom, they were again confronted with harassment by one of the girls previously bullying A.R. and A.D. then left to go find E.R.

19. When A.D. departed, one of the bullies forcefully hit A.R. in the back of the head with her water bottle.

20. In self-defense, A.R. instinctively swung back at the girl. A.R.'s effort to defend herself did not stop two students from immediately and relentlessly beating A.R.

21. Two students dragged A.R. on the ground by her hair and violently hit her on the head over and over again.

22. The girls attacked A.R. so viciously that A.R. was unable to even get up off the ground to try and defend herself.

23. When A.R. tried her best to stand up, one of the girls proceeded to repeatedly yank A.R. by her hair, refusing to let her go.

24. A.R. was beat mercilessly for several minutes, but to her, it felt like hours.

25. During the attack and just after it, no one came to help A.R.

26. No one even escorted A.R. to the nurse's office. Instead, she had to walk herself to the guidance office just to ask for help.

27. Even Mr. Stewart, who was not only aware of the recent bullying in the lunchroom but was also mere steps away from the lunchroom area, failed to intervene.

28. Mr. Stewart was aware that A.R. was being bullied, and knew who the bullies were, yet he did nothing to intervene except attempt to bribe a student.

29. Such action is not enough to protect the students of Hueytown High School.

30. Since this event took place, A.R. has suffered greatly from this horrific assault and from the inactions of the Defendant.

## FEDERAL LAW

### a. VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

31. Plaintiff hereby adopts and alleges paragraphs 1-30 in this complaint as if fully set out herein.

32. A.R. has a mental impairment that substantially limits one or more major life activities and has a history or record of such an impairment, and/or is perceived by others as having such an impairment.

33. The Defendant violated Title II of the ADA when the Defendant, who was aware of A.R.'s disability, failed to provide the necessary services to protect A.R. at HHS on March 1, 2018.

34. As a governmental and public entity charged with ensuring compliance with federal law, the Defendant knew or should have known their duties and obligations under Title II of the ADA.

35. Despite this knowledge and based on the facts alleged herein, the Defendant knowingly and willfully refused adequate compliance with Title II of the ADA and failed to comply with the necessary disability accommodations and protections due to A.R. under 42 U.S.C. § 12182.

36. The Defendant's violation of this federal statute amounts to discrimination through the denial of full access to equal education and health services, including the enjoyment of benefits of a service, program, or activity conducted by the Defendant, and ultimately led to the vicious assault of A.R.

**b. SECTION 1983- VIOLATION OF THE FOURTEENTH AMENDMENT**

37. Plaintiff hereby adopts and alleges paragraphs 1-30 in this complaint as if fully set out herein.

38. According to Section 1983, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an

action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.
§ 1983.

39. For schools this includes, among others, teachers. The phrase, "under color of
any statute, ordinance, regulation, custom or usage" requires that the
defendant, while acting, be "clothed in the authority of state law." *W. v. Atkins*,
487 U.S. 42, 49 (1988).

40. Mr. Stewart was a teacher for the Defendant on March 1, 2018 and was
therefore clothed in the authority of state law.

41. Mr. Stewart caused A.R. to be subjected to the deprivation of her rights when
he failed to protect A.R. from danger.

42. Mr. Stewart was not only aware A.R. was being bullied by two students and
was aware that the two bullies planned to assault A.R., but was also only a
few steps away from A.R. as she was being beaten mercilessly by the two
students.

43. Additionally, Mr. Stewart's act of only jokingly offering another student one
dollar to stop the bullying was an affirmative act that increased the danger to
A.R.

44. The Defendant's failure to intervene on all accounts created a grave risk of
death and caused serious injury to A.R.

45. The Defendant and Mr. Stewart's failure to protect A.R. from the danger was the proximate cause of her injuries.

46. Mr. Stewart's comments, which aggravated the danger posed to A.R., along with his failure to protect A.R. is so egregious as to shock the conscience.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff request a judgment separately and severally against Defendants for compensatory, special, nominal and punitive damages, based on proof at trial, as well as declaratory relief, costs of court, including interest according to law and reasonable attorneys' fees, and other such additional relief as this Honorable Court should deem just and proper.

## JURY DEMAND

Plaintiff, Jennifer Riley, as personal representative for A.R., by and through undersigned counsel requests a trial by jury.


Respectfully submitted this 27th day of December 2019.

By: _____

Leroy Maxwell, Jr.
Attorney for Plaintiff
Jennifer Riley as
Representative for A.R.

**Of Counsel:**
**Maxwell & Tillman, LLC**
2326 2nd Avenue North
Birmingham, AL. 35203
T: 205-216-3304
F: 205-409-4145
maxwell@mxlawfirm.com


## PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL

Jefferson County Board of Education
2100 18th Street South
Birmingham, AL 35209

Leroy Maxwell, Jr.
Attorney for Plaintiff